**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENISE RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:17-cv-00261-JCH |
| | ) |
| DOUGLAS, CHANCELLOR, MEYERS & | ) |
| ASSOCIATES, LLC | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Douglas, Chancellor, Meyers & Associates, LLC's Motion to Dismiss. (ECF No. 7.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On January 23, 2017, Plaintiff filed this action against Defendant, seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Compl., ECF No. 1.) In her Complaint, Plaintiff alleges as follows. On an unspecified date, Defendant began collection activities on an alleged consumer debt incurred by Plaintiff (hereinafter, the "Alleged Debt"). Defendant reported the Alleged Debt on Plaintiff's credit report. On February 2, 2016, Plaintiff sent a letter to Defendant disputing the Alleged Debt. Plaintiff examined her credit report again on October 10, 2016 and found that Defendant had re-reported the Alleged Debt in September 2016, but had failed to list it as "'disputed by consumer,' despite being required to do so by the FDCPA." *Id.* ¶¶ 7-8, 10-12. Plaintiff asserts that Defendant's conduct violated various provisions of the FDCPA, including, in particular, section 1692e(8). *Id.* ¶ 15.

1

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must construe the complaint liberally and in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and a motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant argues that Plaintiff's claim should be dismissed because Plaintiff fails to allege that Defendant engaged in any collection activities in violation of section 1692g of the FDCPA. (ECF No. 8.) Plaintiff responds that her claim does not arise under section 1692g, but instead arises under section 1692e, and that the Complaint sufficiently pleads a cause of action under section 1692e(8). (ECF No. 9.)

The FDCPA prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection 1692e(8) specifically prohibits a debt collector from "[c]communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including*

*the failure to communicate that a disputed debt is disputed.*" 15 U.S.C. § 1692e(8) (emphasis added). Pursuant to section 1692e(8), "[i]f a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhem v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008).

Here, Plaintiff has pled that she disputed the Alleged Debt directly with Defendant on February 2, 2016. Contrary to Defendant's assertion that Plaintiff "has not plead sufficient facts that Defendant re-reported the debt after February 2, 2016," Plaintiff specifically alleges in her Complaint that Defendant re-reported the Alleged Debt to the credit bureau in September 2016, at which time Defendant failed to list the Alleged Debt as disputed. In view of these allegations, the Court finds that Plaintiff has pled sufficient facts to state a claim under section 1692e(8). Therefore, Defendant's Motion will be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Douglas, Chancellor, Meyers & Associates, LLC's Motion to Dismiss (ECF No. 7) is **DENIED**.

Dated this 16th day of May, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE